## SILAS STEVENS *vs.* JONATHAN FOSS.

The duty of assigning the limits of militia companies was imposed upon the selectmen of towns in their public capacity, and in the discharge of it the selectmen may act by majorities.

For all the purposes connected with the performance of militia service, minority ceases at the age of eighteen.

The father has no power to exonerate or withhold his son, over eighteen and within twenty-one years of age, from the performance of militia duty.

A person between the ages of eighteen and twenty-one, is liable to the penalty incurred by unnecessarily neglecting to appear at a company training.

ERROR to reverse a judgment in favor of *Foss,* as clerk of a company of militia in *Swanville,* in an action against *Stevens,* a minor above eighteen and under twenty-one years of age, for neglect to perform militia duty at a company training, rendered by a Justice of the Peace.

At the trial, the plaintiff, to prove the limits of the company, offered the doings of the selectmen of *Swanville* assigning limits to the company. The defendant lived within these limits, but he objected that the evidence was incompetent to prove the limits, because the two selectmen acted, when there was a third selectman, qualified to act, who for some cause, not assigned, did not act. The Justice overruled the objection.

The defendant proved by his father, that the defendant was then a minor, aged nineteen years; that he lived at home with his father; and that his father forbid his performing militia duty at the time of the alleged neglect. He then contended, that he was not liable to this action, but that by the statute, if any action was brought, it should have been against his father. This objection was also overruled by the Justice, and judgment rendered against him.

That these objections were overruled, was assigned for causes of error.

*Kelley* argued for the plaintiff in error: —

1. The power given to the selectmen of towns to define the limits of companies of militia, is a special duty, for a limited time, and wholly independent of their duty as selectmen. The whole number must act, or the proceedings are void. *Commonwealth* v. *Ipswich*, 2 *Pick.* 70 ; *Damon* v. *Granby, ib.* 345 ; *Jones* v. *Andover,* 9 *Pick.* 146 ; *Stanwood* v. *Pierce,* 7 *Mass. R.* 458 ; *Harlow* v. *Pike,* 3 *Greenl.* 438 ; *Goodwin* v. *Hallowell,* 3 *Fairf.* 271 ; 2 *East,* 244 ; 8 *East,* 319 ; 1 *B. & P.* 236 ; 3 *T. R.* 592.

2. A minor is never liable for a mere nonfeasance. Here the minor was expressly forbidden by his father to do the duty, and the son was bound to obey him. Minors are not made liable by the statute expressly, and general words are not sufficient. The *st.* 1834, *c.* 121, § 33, provides, that in cases like the present, the parent shall be liable for neglect of militia duty in the son ; and it was never intended to give a remedy against both. 2 *Dane,* 499, 500 ; 3 *Bacon's Abr.* 591, *Infancy ;* 1 *Com. on Con.* 150 ; *st.* 1834, *c.* 121, § 33.

*W. G. Crosby,* for *Foss,* the original plaintiff, said, there was a distinction between agents acting for the public, and those acting merely as the agents of private persons. In the former case, a majority have power to act, although they cannot in the latter. *Damon* v. *Granby,* 2 *Pick.* 345 ; *Jones* v. *Andover,* 9 *Pick.* 151 ; *Towne* v. *Jaquith,* 6 *Mass. R.* 46.

The law provides, that every one over eighteen years of age, not otherwise exempted, shall perform military duty. Minors as such are in no respect exempted. The militia act, § 33, merely gives an additional remedy, and is not a substitute for that previously existing. *Dewey, Pet'r,* 11 *Pick.* 268 ; *Winslow* v. *Anderson,* 4 *Mass. R.* 376.

The opinion of the Court was drawn up by

WESTON C. J. — It has long been held, that the selectmen of towns, being agents for the public, and discharging duties of a political or municipal character, may act by majorities. The distinc-

tion between public and private agents, in this respect, has often been taken and sustained.   It received the sanction of the Court in *Damon* v. *Granby,* 2 *Pick.* 345 ; and in *Jones* v. *Andover,* 9 *Pick.* 146.   The duty of assigning the limits of companies, was imposed upon selectmen as such, in their public capacity ; and is not to be distinguished from other duties, which regularly appertain to their office.

Eighteen has been fixed as the military age, by the highest legal authority.   A father has no power to exonerate or to withhold his minor son, from the performance of this duty.   Upon this point, the claim of the public is paramount to the parental rights of the father.   The case of *Dewey, Pet'r,* 11 *Pick.* 265, is exactly in point.   It was there held, that for all the purposes connected with the performance of military service, the age of maturity is eighteen. It results, that a party of that age, delinquent in the discharge of military duty, is liable to the penalty imposed by law.

*Judgment affirmed.*