BIRDSONG *v.* BLACKMAN *et ux.*

[90 South. 441.   No. 22325.]

1. HABEAS CORPUS. *Answer admitting that defendant, as captain of a military company, had custody of the party sought to be released, attached to enlistment papers, held sufficient.*
   An answer to a petition for a writ of *habeas corpus* which states that the persons is in his custody by virtue of his being captain of the military company of which this person is an enlisted member and which answer has attached thereto a copy of the enlistment papers, which answer is also properly signed and verified, is a sufficient compliance with section 2459, Code of 1906 (section 2025, Hemingway's Code).

2. MILITIA. *One who takes the statutory enlistment oath as a soldier in the National Guard becomes a member thereof.*
   One who takes the oath of enlistment as a soldier of the National Guard of the state of Mississippi prescribed by chapter 245, section 15, Laws 1916 (section 5592(b) Hemingway's Code), thereby becomes a member of the state National Guard.

3. MILITIA. *Minor over age of eighteen is bound by enlistment, notwithstanding failure to secure parents' consent.*
   Under the Constitution and statutes of this state, a minor over the age of eighteen years is bound by his enlistment into the military service of the state, even though the consent of his parents was not obtained for such enlistment.

APPEAL from chancery court of Coahoma county.

HON. G. EDW. WILLIAMS, Chancellor.

Petition in *habeas corpus* by S. A. Blackman and wife against T. B. Birdsong, Jr., Captain, etc., Company I, Mis-

sissippi National Guard, for an order to discharge peti-
tioners' minor son, James M. Blackman, from his enlist-
ment. From a judgment holding that the enlistment was
null and void, defendant appeals. Reversed, and petition
dismissed.

*Brewer, Brewer & Brewer* and *Frank Roberson,* for ap-
pellant.

"This oath was taken and subscribed before E. R.
Ricer, is as follows: "I do solemnly swear that I will
support and defend the Constitution and the laws of the
United States and of the state of Mississippi, and that
I will observe and obey the lawful orders of the President
of the United States, the governor of the state of Missis-
sippi, and the officers appointed over me according to the
laws, articles and regulations which now exists or which
may be made during the term of my enlistment for the
government of the armies of the United States and of the
Mississippi National Guard for the period of three years,
or until discharged. And I consent to be mustered into
the service of the United States whenever during the term
of my enlistment, the organization of which I am a mem-
ber is called into the service of the United States."

"This oath was taken and subscribed before E. R. Ricer,
First Lieutenant of Infantry, as Recruiting Officer, who
by subsection (b) of section 15 of said Military Code was
empowered to administer oaths of enlistment, and the
same shall have the same force and effect as if made before
any civil officer competent to administer oaths." By his
acts in that respect, he enlisted. *United States* v. *Grimley,*
34 Law, Ed. 636; *State ex rel. Lanny* v. *Long,* 66 So. (La.)
377; *State ex rel. Laru* v. *Long,* 66 So. (La.) 381; *State ex
rel. Harris* v. *Long,* 66 So. (La.) 380.

And his enlistment is a compact with the state, a con-
tract if made within the military age, valid and binding
on his part because of the manifold advantages and con-
siderations following to him out of it. *In Re Morrisey,*

137 U. S. 157, 34 L. Ed. 644; *State ex rel. Lanny* v. *Long, supra.*

Though a minor, he was of military age. The age at which an infant shall be competent to do any acts or perform any duties, civil or military, is governed by the Constitution of the state and the acts of its legislature. *United States* v. *Bainbridge,* 1 Mason 71; *Wassum* v. *Feeny,* 121 Mass. 93, 94, 95.

Section 214 of the Constitution of the state of Mississippi provides as follows: "All able-bodied male citizens of the state between the ages of eighteen and forty-five, shall be liable to military duty in the militia of the state, in such manner as the legislature may provide" and, section 13 of chapter 245, of the Act of 1916, provides: "(a) That portion of the Militia organized as a land force shall be known and designated as the Mississippi National Guard, and shall be composed of able-bodied volunteers between the ages of sixteen and sixty-four."

But it is contended, the enlistment was without parental consent. We most respectfully submit that the consent of his parents was unnecessary. The enlistment of a minor of military age in the military service of a state without the consent of his parents has been held binding in every case we have been able to find where the question was presented. *Stevens* v. *Foss,* 18 Maine 19; *Porter* v. *Sherburne,* 21 Maine, 258; *In re Dewey,* 11 Pick. (Mass.) 265; *Acker* v. *Bell,* 62 Fla. 108, 57 So. 346.

In the case of *The United States* v. *Blakeney,* 3 Gratt. (Va.) 405, text, 411-413, BALDWIN, Judge, thus discusses the question: *Com* v. *Gamble,* 11 S. & R. (Pa.) 93 (GIBON, C. J.) The court in its opinion in the case last cited, says that: "The conclusion is well-nigh irresistible that, in the contemplation of the law, the taking of the oath is determinative of the enlistment," (*State ex rel. Lanny* v. *Long,* 60 So. 380).

Again it was questioned in *United States* v. *Grimley, supra,* whether the defendant had in fact enlisted. BREWER, J., after quoting the oath, for the court, says: "It will be

noticed that in this oath of allegiance is an acknowledg-
ment that he had enlisted, and that it was not an agree-
ment to enlist."

In *Com* v. *Frost,* 13 Mass. 491, it was said: "The law
having made eighteen years the age of military duty, neces-
sarily gives the power at that age to enlist in any company
which is a part of the militia. The parent's consent is
not required. It is not optional with him whether his son
shall do military duty between eighteen and twenty-one.
He cannot control the military service of his son. He has
no power of compelling him to perform this service in one
company rather than another. He cannot make a contract
of enlistment for his son, nor compel him to enlist. *Grace*
v. *Wilber,* 10 Johns (N. Y.) 453; 12 Johns. 69. So his
assent to or dissent from his son's enlistment cannot af-
fect its validity. We think that under our militia laws,
for all purposes connected with the performance of mil-
itary service, the age of maturity is eighteen."

For the reason already given and upon the logical con-
clusions of the learned courts whose decisions are the sub-
ject of reference in this brief, we most respectfully sub-
mit that the judgment below should be reversed, the writ
dismissed with judgment in this court ordering the minor,
James M. Blackman, into the custody of Captain Birdsong
as Captain of Company I, Mississippi National Guard,
for duty as a member of said guard.

*John W.* and *C. W. Crisler,* for appellee.

The minor in this case, James Blackman, was nineteen
years of age at time of the supposed enlistment. This
petition for a writ of *habeas corpus* was filed by his par-
ents, S. A. and Mrs. S. A. Blackman, 27 Cyc. page 494,
lays down this rule: "The enlistment of a minor over
eighteen years of age is binding on him, although made
without the consent of his parent or guardian, but is void-
able at the instance of such parent or guardian."

Appellee, however, is relieved of the necessity of discussing the question as to whether this is or is not the law, for the reason that James Blackman, the minor, has never enlisted. The oath is essential and necessary to the validity of the enlistment and without it, he does not become subject to the military law. This was expressly decided by the United States supreme court in the case of *United States* v. *Grimley,* 137 U. S. 147, 34 Law Ed. 636.

The petition especially alleges that said minor did not take the oath of enlistment. This is not denied. The answer, in general terms, says that the appellant exercises his authority by virtue of a certain enlistment, setting out the same in full.

This enlistment is the very thing we are attacking. The answer does not deny that the minor failed to take the oath but sets out a clear-cut legal conclusion. The fact, then, that the oath was not taken must be taken as conclusive.

Further, the court, in its decree, said that the allegations of the petition are fully sustained. The inevitable conclusion, then, is that the court found from the evidence that the oath had not been taken. Any evidence on this point, however, should not have been considered.

From the foregoing, it appears to follow that the minor, James Blackman, did not become subject to the authority of the appellant, T. B. Birdsong, Jr., captain of Company "I" of the Mississippi National Guard, and the decree of the chancery court should be affirmed.

We respectfully submit in conclusion that this case should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellees, as petitioners for the writ of *habeas corpus,* seek to obtain the discharge of their minor son, James M. Blackman, from his enlistment as a member of Company I in the Mississippi National Guard. The petition alleges the age of this son as nineteen years. That he had

executed a pretended enlistment in the organized militia of the state of Mississippi, which was without the consent and over the protest of his parents. It further alleges that the minor has not been inducted into the service, because he has not taken the oath of enlistment prescribed by law, and that the minor refuses to take the oath, and that until this oath is taken he is not subject to the rules of the organized militia of the state. It is alleged that T. B. Birdsong, Jr., as the captain of this company, is the commanding officer of the minor, and as such is attempting to exercise authority over the minor, and is unlawfully restraining him in the exercise of his civil rights and liberties.

The answer of Capt. Birdsong admitted that he was the captain of this company, and that as such captain he has under his power the minor, Blackman, by virtue of his enlistment in the National Guard of the state of Mississippi. Attached to the answer, and made an exhibit thereto, is the enlistment paper, which contains, first, the "declaration of applicant," which in short expresses his desire to be enlisted in the National Guard. This declaration is signed by the applicant and witnessed by a lieutenant of the company. Next follows the oath of enlistment, which is as follows:

"I, James Blackman, born in Jackson, in the state of Tenn., aged nineteen years old and ―― months and by occupation a student do hereby acknowledge to have voluntarily (1) enlisted this 2d day of April 1921, as a soldier in the National Guard of the United States, and of the state of Mississippi, for a period of (see instructions 6) three (3) years, under the conditions prescribed by law, unless sooner discharged by proper authority. And I do solemnly swear that I will bear true faith and allegiance to the United States of America, and to the state of Mississippi, and that I will serve them honestly and faithfully against all their enemies whomsoever, and that I will obey the order of the President of the United States, and of the Governor of the state of Mississippi, and of the

officers appointed over me according to law, and the rules and articles of war.

JAMES M. BLACKMAN.

"Subscribed and duly sworn to before me, this 2d day of April, A. D. 1921.

"E. R. RICE, 1st Lt. of Inf."

It will be noted that this is the oath prescribed by chapter 245, section 15, Laws of 1916 (section 5592 [b], Hemingway's Code).

The testimony is uncontradicted. It shows that James M. Blackman was nineteen years old at the time he took the above oath of enlistment. That he was duly sworn by Lieut. E. R. Rice before taking this oath. That he subscribed his name thereto. That this was done without the knowledge and consent of his parents. On this testimony the court below ordered that the minor be discharged from the military service of the state of Mississippi and from this company, and held that his enlistment was null and void. From which judgment this appeal is prosecuted.

The appellees in this court contend that the minor, James M. Blackman, has never enlisted in the Mississippi National Guard. That the oath is essential to this enlistment, and that the petition specifically alleges that the minor did not take this oath, which allegation they claim is not denied.

The answer of Capt. Birdsong conforms to section 2459, Code of 1906 (section 2025, Hemingway's Code). It states, first, that he has the minor in his custody or under his control; second, that this is by virtue of Birdsong's being captain of Company I and this man having enlisted as a member of that company, and thereto attaching a copy of these enlistment papers. This answer fully complies in every detail with this statute.

By taking the oath of enlistment he became a member of this company of the National Guard. U. S. v. Grimley, 137 U. S. 147, 11 Sup. Ct. 54, 34 L. Ed. 636; State, etc., v. Long, 136 La. 1, 66 So. 377.

The narrow question here presented is whether or not the parents of a minor who has enlisted in the National Guard without their (the parents') consent are entitled to have his enlistment annulled and vacated. Section 214, of the Constitution of this State provides that— "All able-bodied male citizens of the state between the ages of eighteen and forty-five years shall be liable to military duty in the militia of this state, in such manner as the legislature may provide."

Chapter 245, Laws of 1916, section 1 (section 5578, Hemingway's Code), provides that: "The militia shall consist of every able-bodied male citizen of the state of Mississippi . . . who is more than eighteen and less than forty-five years of age," etc.

Section 5592(b), Hemingway's Code (section 15, chapter 245, Laws of 1916), which relates to enlistments, makes no distinction whatever between minors and adults. No such distinction is made in the above section of the Constitution nor in this chapter relating to the state militia. It will thus be seen that under our military laws there are no distinctions made between minors and adults, but all of military age are treated alike. In this respect our laws are similar to a great many, if not a majority, of the military laws of the other states of the Union, but different from section 1117 of the U. S. Revised Statutes superseded by Act June 3, 1916 (39 Stat. 186, section 27 [U. S. Comp. St., section 1885a]). That statute provides that no person under the age of twenty-one years shall be enlisted into the military service of the United States without the written consent of his parents or guardians. In construing this section the supreme court of the United States held that this was for the benefit of the parent or guardian, but gave no privilege to the minor, and that it was not like an ordinary contract, voidable by an infant. *Morrissey* v. *Perry,* 137 U. S. 157, 11 Sup. Ct. 57, 34 L. Ed. 644. In that case the common-law rule is also stated that an enlistment of a minor was not voidable either by him, his parents or guardian—citing authorities.

A very interesting opinion much quoted from is that of *U. S.* v. *Blakeney,* 3 Grat. (Va.) 405, from which the following excerpts are taken:

"It seems to me obvious that the enlistment of a minor capable of bearing arms, does not fall within the general rule of the municipal law, in regard to the incapacity of infants under the age of twenty-one years, to bind themselves by contract. Nor am I disposed to regard the enlistment as an exception to that rule. The rule, I think, has no application to the subject. The capacity of all citizens or subjects able to bear arms to bind themselves to do so by voluntary enlistment, is in itself a high rule of the public law, to which the artificial and arbitrary rule of the municipal law forms no exception. The rule of the public law is subject to but two conditions, the ability of the party to carry arms, and his consent to do so; and these conditions may exist in as full force at the age of eighteen as at the age of twenty-one. . . .

"The whole difficulty in the subject, as I conceive, arises from the failure to discriminate between the public or national law and the municipal or domestic law. The former is inherent in, and essential to the powers of sovereignty, and regulates the intercourse of the nation, whether pacific or hostile, with other nations. It commands the whole public force, and directs it to the defense, the protection, the honor and the advancement of the state. . . .

"The common law of England has never interfered with the free and voluntary enlistment of minors capable of bearing arms; and could not have done so without usurpation."

In the case of *Commonwealth* v. *Gamble,* 11 Serg. & R. (Pa.) 93, decided in 1824, the court, in holding that the enlistment of a minor in the Marine Corp was valid, places it upon the ground of public policy "which requires that a minor be at liberty to enter into a contract to serve the state, wherever such contract is not positively forbidden by the state itself; during the existence of which service

parental authority over him is suspended, though not annihilated."

In the case of *Stevens* v. *Foss*, 18 Me. 19, it is said that: "Eighteen has been fixed as the military age, by the highest legal authority. A father has no power to exonerate or to withhold his minor son, from the performance of this duty. Upon this point, the claim of the public is paramount to the parental rights of the father."

The same questions here presented were before the Florida court in the case of *Acker* v. *Bell*, 62 Fla. 108, 57 So. 356, 39 L. R. A. (N. S.) 454, Ann. Cas. 1913C, 1269. The opinion of the court in that case reviews the authorities and holds that the enlistment of a minor in the state militia or in the state National Guard is valid, though without the consent of his parents. From these authorities it is plain that at common law the enlistment of a minor, though without the consent of his parents, is valid. In this state the military age is between eighteen and forty-five years. We have no statute requiring the consent of the parents to the enlistment of a minor of military age, and, in the absence of such a statute, the enlistment of such minor is valid and binding.

The judgment of the lower court is reversed, and the petition is dismissed.

*Reversed, and petition dismissed.*